## CIRCUIT COURT OF SCOTT COUNTY

John C. Butler

    v.

Vincent J. Pross, Jr.,
Comptroller of Virginia,
    and
Commonwealth of Virginia,
Virginia Supplemental Retirement System

Betty B. Quillen

    v.

Vincent J. Pross, Jr.,
Comptroller of Virginia,
    and
Commonwealth of Virginia,
Virginia Supplemental Retirement System

June 12, 1980

Case Nos. (Chancery) 1900, 1901

By JUDGE S. W. COLEMAN, III

    The above law cases are before the court on demurrers filed by the Acting Comptroller of the Commonwealth of Virginia and the Virginia Supplemental Retirement System. The specific grounds of the demurrer raised to the motion for judgment of John C. Butler in Paragraphs I, III and

IV are identical to those grounds of the demurrer raised to the motion for judgment of Betty B. Quillen in Paragraphs I, IV and V and will be addressed together in this opinion; the grounds set forth in Paragraph II of the John C. Butler demurrer and Paragraphs II and III of the Betty B. Quillen demurrer will be discussed separately.

1. The demurrants contend that both motions for judgment are fatally defective as to the Virginia Supplemental Retirement System in that a Board of Trustees administers the system and since all funds and assets are within their control, the Board of Trustees of the Virginia Supplemental Retirement System would be the proper party defendants rather than "Commonwealth of Virginia, Virginia Supplemental Retirement System." While the Virginia Supplemental Retirement System is administered by a Board of Trustees, § 51-111.11 of the Code of Virginia (1950), as amended, established the system and provides that it shall be "known as the 'Virginia Supplemental Retirement System,' by and in which name it shall. . . transact all of its business, for which purpose it shall constitute a body corporate." The court is of the opinion that by virtue of the foregoing statute an independent legal entity or corporation is established which can sue or be sued in its own name rather than in the names of their trustees or other agents in a representative capacity. Accordingly, while the court concludes that the motions for judgment may proceed against the Virginia Supplemental Retirement System, the style of the case which designates "Commonwealth of Virginia" as the defendant appears improper. The aforementioned statute prescribes that the proper legal name is the "Virginia Supplemental Retirement System." The defendant shall include in the order a provision overruling the demurrer as to the Virginia Supplemental Retirement System but granting leave for the plaintiffs to amend the style of the proper pleading as to any reference to "Commonwealth of Virginia," if the plaintiffs deem necessary to do so.

2. The demurrants contend that §§ 2.1-223.1 and 2.1-233.3 must be complied with before a claimant may maintain a breach of contract cause of action against a state agency and since the pleadings fail to allege compliance no cause of action has been shown to accrue under § 8.01-192. Without deciding whether a demurrer is a proper pleading to raise the issue, the court will

consider the merits of the question raised. As to the manner in which a claim must be submitted against the Commonwealth before a legal cause of action accrues, while compliance with the provisions of Article 5, Chapter 14 of Title 2.1 of the Code of Virginia is necessary to maintain causes of action against a State agency, such is not necessary when a statutory and administrative scheme is established solely for the purpose of processing particular types of claims and further a statutory procedure is established supplemented by the Rules of Court for judicial review of such claims. Thus, the court concludes that under the statutory scheme established for processing these particular claims compliance with Article 5, Chapter 14 of Title 2.1 of the Code is not required and the demurrer on that ground is overruled.

3. The demurrants contend that Article 4 of Chapter 1.1:1 of Title 9 of the Code, known as the "Administrative Process Act," was adopted in 1975 to provide a specific procedure for judicial review of case decisions of an agency of the state and precludes filing an action at law as done in the cases at bar. It is clear from the motion for judgment that the plaintiffs are parties who consider themselves aggrieved by a case decision of the Virginia Supplemental Retirement System in which disability benefits were denied. The Administrative Process Act provides for judicial review to a "party aggrieved by and claiming unlawfulness of a case decision" § 9-6.14:15 *et seq.* The issues which are properly raised by demurrer since they attack the sufficiency of the pleadings are whether the issues raised in the motion for judgment are within those properly reviewable under the procedure established under the Administrative Process Act (Section 9-6.14:17) and, if so, whether the procedure established provides an exclusive remedy. The issue for which the aggrieved parties seek judicial review is the determination of nonentitlement to disability benefits; it appears that the issue would be based on a factual determination of entitlement and whether there is substantial evidence to support any such findings of fact, an issue which is reviewable under § 9-6.14:17.

Action of an administrative agency may be judicially reviewable under any procedure specifically provided for that agency [§ 9-6.14:16(i)] or, if none, under the provisions of the Administrative Process Act. Thus, since Title 51 of the Code of Virginia provides no independent

procedure for judicial review of case decisions before the Virginia Supplemental Retirement System resort must be had to the Administrative Process Act, but the dispositive inquiry is whether the procedure provided is exclusive or may the aggrieved party maintain an action at law? Section 9-6.14:3 denotes that one of the purposes of the Act is "to standardize court review" of matters covered. Further, a review of Article 4 of the Administrative Process Act indicates an intention to provide for a specific method of judicial review and does not contain any language indicating that other remedies would be available for those issues reviewable. To reach any conclusion to the contrary would defeat the purpose of the act which provides for a standardized method of court review. It should further be noted that the procedure and form for court review as provided by § 9-6.14:16(ii) has been established by the Rules of the Supreme Court of Virginia effective July 1, 1977, in Part Two A: Appeals Pursuant to the Administrative Process Act. It is apparent that the Rules have not been complied with in order to effect a proper appeal and that the Motion for Judgment filed by the claimants cannot properly be considered a Petition for Appeal pursuant to Rule 2A:4 of the Supreme Court. Accordingly, the demurrers will be sustained with leave to the plaintiffs to pursue such procedures that may remain available to seek judicial review under the Administrative Process Act and the Rules of the Supreme Court of Virginia.

4. As to the Motion for Judgment filed on behalf of John C. Butler, the demurrant claims that his pleading is deficient in that it fails to allege that he is "mentally or physically incapacitated for the further performance of duty to be entitled to benefits under § 51-111.56 of the Code. As previously noted the appropriate pleading which the claimant must file for judicial review is a Petition of Appeal and Rule 2A:4(b) sets forth the necessary elements which must be included. While failure to make the specific allegations assailed by the demurrant would not be fatally defective, the procedure required and the matters necessary to be included in a Petition for Appeal pursuant to Rule 2A:4 are omitted and the demurrer will be sustained with leave to the plaintiff, John C. Butler, to pursue such procedures that may remain available.

16

5. As to the motion for judgment filed on behalf of Betty B. Quillen, the demurrant claims that her pleading is deficient in that it fails to allege that she is a member of the retirement system as defined by law or is entitled to any benefits from the retirement system or that she has a sufficient period of service as an employee to qualify for disability retirement or that she is mentally or physically incapacitated for further performance of duty. For the same reasons just enumerated in Paragraph 4, the appropriate pleading which must be filed is a Petition for Appeal pursuant to Rule 2A:4(b) which sets forth the necessary elements to be included in the petition. Since the elements and matters necessary to be included in a Petition for Appeal are omitted from the pleading filed by the claimant the demurrer shall be sustained with leave to the claimant to pursue any procedure which remains available to her.